SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV–13–1108

| | |
|---|---|
| DENISE MOORE<br><br>APPELLANT<br><br>V.<br><br><br>NORTH HILLS LIFE CARE & REHAB AND CANNON COCHRAN MANAGEMENT SERVICES, INC.<br>APPELLEES | **Opinion Delivered** May 14, 2014<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[NO. G203658]<br><br><br><br>AFFIRMED |

## RITA W. GRUBER, Judge

Denise Moore appeals a September 19, 2013 decision of the Arkansas Workers'

Compensation Commission denying her claim that she sustained a compensable injury to her

back in an alleged incident of March 11, 2012, while working as a CNA and helping co-

workers lift a heavy patient. The evidence before the Commission included Ms. Moore's

medical records, her testimony, and the testimony of her employer's personnel director. The

Commission's written decision, adopting and affirming the opinion of the administrative law

judge, included the following evaluation of evidence:

> The claimant is able to prove . . . objective medical findings from an MRI of the lumbar spine that was performed on March 27, 2012. However, the claimant must also prove a causal connection between the alleged incident and those objective medical findings.
> After review of the medical records in this matter and the claimant's testimony, I find that the claimant is not credible in her account of an injury occurring on March 11, 2012. The claimant did not report this injury until April 30, 2012, to her employer. Prior to reporting the injury, the claimant took off work under the Family Medical Leave Act. It was the claimant's testimony that she did not report this injury

because she thought she was going to get better. Obviously, whatever difficulties the claimant was having were severe enough to [invoke] her rights under the Family Medical Leave Act. It is not reasonable that she would not report this as a work place injury had that occurred.

Ms. Moore raises one point on appeal, contending that substantial evidence supports her claim that she sustained a compensable injury on March 11, 2012. Appellant's counsel misstates the substantial-evidence standard of review for a case such as this. Once again, we remind her that our role is limited to determining whether substantial evidence supports the Commission's denial of the claim. *Jordan v. Home Depot, Inc.*, 2013 Ark. App. 572, at 2 n.1, ___ S.W.3d ___, ___; *Gibson v. Wal-Mart Assoc., Inc.*, 2012 Ark. App. 560, at 3; *see also Sanchez v. Pork Grp., Inc.*, 2012 Ark. App. 570, at 1–2; *Woodmancy v. Framco, Inc.*, 2011 Ark. App. 785, at 4, 387 S.W.3d 286, 289.

Because the only issue on appeal is the sufficiency of the evidence and because the opinion of the Commission thoroughly explains its decision, we affirm by memorandum opinion pursuant to sections (a) and (b) of *In re Memorandum Opinions*, 16 Ark. App. 301, 700 S.W.2d 63 (1985).

Affirmed.

PITTMAN and HARRISON, JJ., agree.

*Tolley & Brooks, P.A.*, by: *Evelyn E. Brooks*, for appellant.

*Michael E. Ryburn*, for appellees.